1  SEYFARTH SHAW LLP
   Timothy L. Hix (SBN 184372)
2  E-mail: thix@seyfarth.com
   Jonathan L. Brophy (SBN 245223)
3  Email: jbrophy@seyfarth.com
   2029 Century Park East, Suite 3500
4  Los Angeles, California 90067-3021
   Telephone:  (310) 277-7200
5  Facsimile:  (310) 201-5219

6  Attorneys for Defendant
   UNISOURCE WORLDWIDE, INC.

7

8

FILED
CLERK, U.S. DISTRICT COURT

MAR 2 1 2011

CENTRAL DISTRICT OF CALIFORNIA
BY

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11  HELEN D. DANDINI,                    ) Case No. CV11-02368 SVW (JEM)
                                         )
12           Plaintiff,                  ) [Los Angeles Superior Court
                                         ) Case No. BC452918]
13       v.                              )
                                         ) **NOTICE OF REMOVAL OF
14  UNISOURCE WORLDWIDE, INC.; and )   CIVIL ACTION TO THE UNITED
    DOES 1 through 20, inclusive,        ) STATES DISTRICT COURT**
15                                       )
             Defendant.                  ) Complaint Filed: January 12, 2011
16  _____ )

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT
                          Case No. _____

1    **TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL**

2    **DISTRICT OF CALIFORNIA:**

3        **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1441(a) and 1446

4    Defendant UNISOURCE WORLDWIDE, INC. ("Unisource") hereby removes the

5    above-entitled action from the Superior Court of California in the County of Los

6    Angeles to the United States District Court for the Central District of California.

7    **A.    Removal Jurisdiction**

8        1.    This Court has original jurisdiction over this action under 28 U.S.C.

9    § 1332 because this action involves citizens of different states and the amount in

10   controversy exceeds the sum of $75,000, exclusive of interest and costs.  In

11   support of this removal, Unisource makes the following showing.

12       2.    Unisource is informed and believes that on or about January 12, 2011,

13   Plaintiff Helen Dandini filed a Complaint in the Superior Court of the State of

14   California in the County of Los Angeles, entitled *Helen D. Dandini v. Unisource*

15   *Worldwide, Inc.*, and Does 1 through 20, Case No. BC452918 ("State Court

16   Action").  The Complaint purports to allege causes of action for: (1) Disability

17   Discrimination; (2) Failure to Prevent Discrimination; (3) Promissory Estoppel;

18   (4) Intentional Infliction of Emotional Distress; (5) Termination In Violation of

19   Public Policy; and (6) Retaliation.

20       3.    Unisource acknowledged receipt of the Summons and Complaint on

21   February 23, 2011.  This Notice of Removal is filed within thirty (30) days of

22   Unisource's acknowledgment of the Summons and Complaint.  Thus, removal is

23   timely pursuant to 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a).

24   *See also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56

25   (1999) (removal is timely if made within 30 days after complaint is served on

26   defendant).  All process, pleadings, notices and orders received by Unisource in

27

28

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT
Case No. _____

1   this action are attached as Exhibit "A" hereto, as required by 28 U.S.C. § 1446(a)

2   and are incorporated by reference as though fully set forth herein.

3   **B.    Diversity Jurisdiction**

4          4.    This is a civil action over which this Court has original jurisdiction

5   pursuant to 28 U.S.C. § 1332(a)(1), and is one which may be removed to this Court

6   by Unisource pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil

7   action with an amount in controversy in excess of Seventy-Five Thousand Dollars

8   ($75,000), exclusive of interest and costs, and is between citizens of different

9   states.

10         5.    Unisource is informed and believes that Plaintiff is, and at all times

11   since the commencement of this action has been, a citizen and resident of the State

12   of California, County of Los Angeles. *See* Exhibit A, Complaint at ¶ 1.  For

13   diversity purposes, a person is a "citizen" of the state in which he or she is

14   domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir.

15   1983).  Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins.*

16   *Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

17         6.    Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to

18   be a citizen of any State by which it has been incorporated and of the State where it

19   has its principal place of business . . . ."  Unisource is, and at all material times has

20   been, a corporation duly organized under the laws of the State of Delaware, with

21   its headquarters and principal place of business in the State of Georgia. *Hertz*

22   *Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

23         7.    The citizenship of the fictitious defendants, Does 1 through 20 may be

24   disregarded pursuant to 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this

25   chapter, the citizenship of defendants sued under fictitious names shall be

26   disregarded"). *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998).

27

28

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT
Case No. _____

8.      The amount in controversy in this action, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000) based on the allegations, claims, and prayer for relief set forth in the Complaint. According to the Complaint, Plaintiff prays for general, special and other compensatory damages. Exhibit A, Complaint at ¶ 18. Plaintiff alleges that she was wrongfully terminated effective January 4, 2010, and seeks lost wages, including back pay and front pay, in addition to the damages for lost benefits. Exhibit A, Complaint at ¶¶ 4, 16.

9.      As of January 2010, Plaintiff earned $48,400.00 per year. Approximately 15 months have passed since Plaintiff alleges Defendant terminated her employment. Therefore, the amount of Plaintiff's alleged lost wages for that 15-month period is approximately $60,500. Plaintiff also seeks recovery for lost benefits. Plaintiff's benefits amount to approximately $4,168.96 ($130.28 bi-weekly benefit multiplied by approximately 32 bi-weekly periods since termination in January 2010). Plaintiff is also seeking emotional distress damages. Exhibit A, Complaint at ¶¶ 9-10. Emotional distress damages may be considered when calculating the amount in controversy even where not clearly pled in the complaint. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) ; *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) ("the vagueness of plaintiffs' pleadings with regard to emotional distress damages should not preclude this Court from noting that these damages are potentially substantial"). A review of jury verdicts in California demonstrates that emotional distress awards in disability discrimination cases with similar facts to the instant case commonly exceed $75,000. *See DFEH v. County of Riverside*, 2003 WL 24304125 (Riverside County Sup. Ct.) (jury award of $300,000 emotional distress damages for failure to accommodate claim); *Welch v. City of Anaheim*, 2005 WL 2170704 (Orange County Sup. Ct.) (jury award of $5,000,000 emotional distress damages

3

1  for police officer denied promotions due to disability); *Miller v. Lockheed Martin*,

2  2005 WL 4126684 (Los Angeles County Sup. Ct.) (jury award of $300,000 in non-

3  economic damages for employee terminated after requesting accommodation for

4  disability); *Mnaskanian v. 21st Century Insurance Co.*, 2006 WL 2044625 (jury

5  award of $300,000 in non-economic damages for employee denied reinstatement

6  despite request for reasonable accommodation for disability).  (Copies of these

7  verdicts are attached hereto as Exhibit B).

8        10.    Plaintiff further claims entitlement to punitive damages and attorneys'

9  fees.  Exhibit A, Complaint at ¶¶ 19, 29, 35, 45, 49, 55.  Requests for punitive

10  damages must be taken into account in ascertaining the amount in controversy.

11  *Davenport v. Mutual Benefit Health and Accident Assn.*, 325 F.2d 785, 787 (9th

12  Cir. 1963).  Similarly, if attorneys' fees are recoverable by statute or contract, then

13  the fees claim is included in determining the amount in controversy.  *Goldberg v.*

14  *CPC Int'l, Inc.*, 678 F.2d 1365, 1366 (9th Cir. 1982).

15        11.    Thus, based upon the allegations contained in the Complaint,

16  Unisource is informed and believes that Plaintiff seeks damages within the

17  jurisdictional authority of this Court.

18        12.    Since diversity of citizenship exists between Plaintiff and Unisource

19  and the amount in controversy between them is in excess of Seventy-Five

20  Thousand Dollars ($75,000) based on the allegations, claims and prayer for relief

21  set forth in the Complaint, this Court has original jurisdiction of the action

22  pursuant to 28 U.S.C. § 1332(a)(1).  The action is therefore a proper one for

23  removal to this Court.  28 U.S.C. § 1441(a).

24  **C.**    **Venue**

25        13.    For removal purposes only, venue lies in the United States District

26  Court for the Central District of California pursuant to 28 U.S.C. §§ 1441(a) and

27

28

1   1391(b) because the State Court Action was filed in this district and this is the

2   judicial district in which the action arose.

3         14.    The documents designated as Exhibit A to this Notice are true and

4   correct copies of all processes, pleadings, and orders served upon and received by

5   Defendant in this case.

6   **D.    Notice to State Court and Plaintiff**

7         15.    Unisource will give prompt notice of the filing of this Notice of

8   Removal to Plaintiff and to the Clerk of the Superior Court of the State of

9   California in the County of Los Angeles.  The Notice of Removal is concurrently

10  being served on all parties.

11        WHEREFORE, Unisource prays that this civil action be removed from

12  Superior Court of the State of California in and for the County of Los Angeles to

13  the United States District Court for the Central District of California.

14

15  DATED: March 21, 2011               SEYFARTH SHAW LLP

16

17                            By:

18                            Timothy L. Hix

19                            Jonathan L. Brophy

                          Attorneys for Defendants

20                            UNISOURCE WORLDWIDE, INC.

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT
Case No. _____

1

**PROOF OF SERVICE**

2   STATE OF CALIFORNIA         )
                                )  ss
3   COUNTY OF LOS ANGELES       )

4        I am a resident of the State of California, over the age of eighteen years, and
5   not a party to the within action.  My business address is 2029 Century Park East,
    Suite 3500, Los Angeles, California  90067-3021.  On March 21, 2011, I served
6   the within documents:

7        **NOTICE OF REMOVAL OF CIVIL ACTION TO THE**
     **UNITED STATES DISTRICT COURT; NOTICE OF INTERESTED**
8              **PARTIES; CIVIL COVER SHEET**

9   [X]  by placing the document(s) listed above in a sealed envelope with postage
         thereon fully prepaid, in the United States mail at Los Angeles, addressed
         as set forth below.

10  [ ]  by personally delivering the document(s) listed above to the person(s) at
11       the address(es) set forth below.

12  [ ]  by placing the document(s) listed above, together with an unsigned copy of
         this declaration, in a sealed Federal Express envelope with postage paid on
13       account and deposited with Federal Express at Los Angeles, California,
         addressed as set forth below.

14  Eric V. Luedtke, Esq.
15  LAW OFFICES OF ERIC V. LUEDTKE
    3230 E. Imperial Highway, Suite 208
16  Brea, CA 92821
    Telephone:  (714) 579-1700
17  Facsimile:  (714) 579-1710

18       I am readily familiar with the firm's practice of collection and processing
19  correspondence for mailing.  Under that practice it would be deposited with the
    U.S. Postal Service on that same day with postage thereon fully prepaid in the
20  ordinary course of business.  I am aware that on motion of the party served, service
    is presumed invalid if postal cancellation date or postage meter date is more than
21  one day after the date of deposit for mailing in affidavit.

22       I declare that I am employed in the office of a member of the bar of this
    court whose direction the service was made.

23       Executed on March 21, 2011, at Los Angeles, California.

24

25                                           Patricia E. Haden

26

27

28
                                      1
                                                              PROOF OF SERVICE
    13116015v.1                        Case No. _____

# Exhibit "A"

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** UNISOURCE WORLDWIDE, INC.; and
**(AVISO AL DEMANDADO):** DOES 1 through 20, Inclusive

CONFORMED COPY
FOR UNOFFICIAL
(SOLO PARA USO) ORIGINAL FILED
Los Angeles Superior Court

JAN 12 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
A.E. LaFLEUR-CLAYTON

**YOU ARE BEING SUED BY PLAINTIFF:** HELEN D. DANDINI
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandado. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es):
SUPERIOR COURT OF CALIFORNIA
111 NORTH HILL STREET
111 NORTH HILL STREET
LOS ANGELES, CALIFORNIA 90012

**CASE NUMBER:**
(Número del Caso)
B C 4 5 2 9 1 8

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
ERIC V. LUEDTKE, ESQ.  SBN: 172360        (714) 579-1700   (714) 579-1710
LAW OFFICES OF ERIC V. LUEDTKE
3230 EAST IMPERIAL HIGHWAY
BREA, CALIFORNIA 92821

AMBER LaFLEUR-CLAYTON
AMBER LaFLEUR-CLAYTON

DATE:                    JOHN A. CLARKE, Clerk, by                              , Deputy
(Fecha)                                    (Secretario)                         (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served

[SEAL]

JAN 12 2011

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):
3. [ ] on behalf of (specify):

under: [ ] CCP 416.10 (corporation)         [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
       [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

FILE BY FAX

90040

**FILED**

SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JAN 12 2011

John A. Clarke, Executive Officer/Clerk

By _____, Deputy
AMBER LAFLEUR-CLAYTON

1  ERIC V. LUEDTKE, ESQ. - STATE BAR #172360
   LAW OFFICES OF ERIC V. LUEDTKE
2  3230 E. Imperial Highway, Suite 208
   Brea, California 92821
3  Telephone No.   (714) 579-1700
   Facsimile No.   (714) 579-1710
4
   Attorneys for Plaintiff,
5  Helen D. Dandini
6
7                       Db2 Michael Stern
8        SUPERIOR COURT OF THE STATE OF CALIFORNIA
9           IN AND FOR THE COUNTY OF LOS ANGELES
10
11  HELEN D. DANDINI,              )   CASE NO.:   B C 4 5 2 9 1 8
12         Plaintiff,             )
                                  )
13     vs.                        )   COMPLAINT
                                  )
14  UNISOURCE WORLDWIDE, INC; and )   1)  Discrimination Against
    DOES 1 through 20, Inclusive, )       Disability
15                                )   2)  Violation of
           Defendants.           )       Government Code
16  _____  )       §12940, Failure to
                                          Prevent Discrimination
17                                    3)  Promissory Estoppel
                                      4)  Intentional Infliction
18                                        of Emotional Distress
                                      5)  Termination in
19                                        Violation of public
                                          Policy
20                                    6)  Retaliation for
                                          Requesting Leave
21
                                      DEPT:
22
                                      Trial Date: None
23
24  Plaintiff alleges as follows:
25            FACTS COMMON TO ALL CAUSES OF ACTION
26     1. HELEN D. DANDINI (hereinafter "Plaintiff") was employed
27  with Defendant UNISOURCE WORLDWIDE, INC. (Hereinafter
28  "Defendant") during all relevant times as stated in this

                               1

                          COMPLAINT



FILE BY FAX

1  complaint and all employment actions, including adverse
2  employment actions suffered by Plaintiff took place in the County
3  of Los Angeles, City of Commerce, State of California.  Defendant
4  operated a place of business out of the City of Commerce located
5  at 2600 S. Commerce Way where Plaintiff worked for Defendant.
6  Further, during all relevant times up through Plaintiff's
7  termination, Plaintiff lived in Los Angeles County. All of the
8  wrongful employment practices complained of herein, occurred in
9  the city of Commerce, County of Los Angeles, State of California.
10      2. Plaintiff was employed with Defendants since January 15,
11  1980.  Plaintiff was hired as a file clerk in 1980 and at the
12  time of her termination, Plaintiff was a Key Customer Service
13  Professional & Ambassador of Accounts.  Throughout her tenure of
14  employment,  Plaintiff was a reliable and dedicated member of
15  Defendants team and her job performance was satisfactory over the
16  tenure of her career with Defendant until Defendant terminated
17  her due to her mental disability and her request to take
18  disability leave.  Based upon the an unforseen event, Plaintiff's
19  son was shot in a drive-by shooting at a fundraiser where
20  Plaintiff was present.  Plaintiff witnessed her son die at the
21  scene of the shooting on June 29, 2009.  Because of the death of
22  her son, Plaintiff went into sever depression and this mental
23  disability required that she take FMLA leave which was then
24  converted to disability leave, as well as short term and long
25  term disability.  Plaintiff planned to return to work and perform
26  her job functions once she was either accommodated or when she
27  was released by her doctor which she was on or about January 4,
28  2010 to return to work.

2

---

COMPLAINT

1   3. On December 27, 2009, Plaintiff called her boss, Connie

2 Bosserdet to notify her that Plaintiff had her doctors' note and

3 would be returning to work from her disability leave on January

4 4, 2010.  Ms. Bosserdet's boss, Irene Mitchell called me and told

5 me that I needed to fax my complete release to return on January

6 4, 2010 to the Human Resource Department which Plaintiff

7 immediately did.  On December 2009, at 2:56 p.m., Plaintiff was

8 left a voice message from Ms. Bosserdet.  After playing phone

9 tag, Plaintiff was able to get in contact with Ms. Bosserdet on

10 December 31, 2009; Ms. Bosserdet conferenced Ms. Merly Garcia on

11 the phone.  Plaintiff was told that there were no positions for

12 her to come back to and that her position had been filled and

13 that they company was not hiring and had been down-sizing.

14 Plaintiff was told that due to business being very slow, that

15 existing employees that were employed with defendant at the time

16 of the commencement of her FMLA leave in late June of 2009, had

17 absorbed her job duties but that no one had been hired from

18 outside the company.  Plaintiff was not given any alternative

19 jobs, was not accommodated, and was not provided any good faith

20 interactive meeting to see what jobs she could perform within the

21 company.  In short, Plaintiff's adverse employment actions

22 suffered of termination was a pre-text for Defendant's

23 discrimination and retaliation as stated in this Complaint.

24   4. The individual(s) who are assisting and performing

25 Plaintiff's job duties and responsibilities that she had prior to

26 and since the adverse employment action of termination are without

27 disability, and are less qualified with respect to said job duties.

28 In a letter from Defendant dated December 30, 2009, signed by the

3

---

COMPLAINT

1  Human Resource Director, Merly Garcia, out of La Palma, California,
2  Plaintiff was told that the company did "not have an open
3  Ambassador or other customer service position to place
4  you[Plaintiff] in. As a result, we are separating your employment
5  effective January 4, 2010." Said letter also confirmed that
6  Plaintiff was on an approved leave of absence for her mental
7  disability through January 3, 2010. Ms. Garcia, in the December
8  30, 2009 letter, stated "We have been advised by our leave of
9  absence administrator that they have received notice that you are
10  released to return to work effective January 4, 2010." In closing,
11  the December 30, 2009 letter stated that "According to
12  our[Unisource Worldwide, Inc] records, you have received all pay
13  due and as a result no additional pay is due to you."

14      5. In a second letter dated January 4, 2010, from Merly
15  Garcia, Plaintiff was once again notified that she had been
16  involuntarily terminated from Defendant company. The letter
17  stated, "You were on a leave of absence from June 28, 2009 to
18  January 3, 2010. FMLA and CFRA entitlement has been exhausted.
19  There are no open position for you to return to, as a result, your
20  employment is separated effective January 4, 2010." Others
21  similarly situated individuals/co-workers with no disability
22  remained employed with Defendants. Defendant's also hired at least
23  two person in Plaintiff's department and moved one of them into
24  Plaintiff's position in October. Defendant also hired individual's
25  for jobs that Plaintiff could perform in 2009 as well as in early
26  2011.

27      6. On January 5, 2010, Plaintiff was sent a memo with the
28  title/subject, "Separation Packet." Plaintiff had been employed

4

COMPLAINT

1 with Defendant for 30 years.    On January 7, 2010, Plaintiff
2 received a telephone call from Donna Tkel, Head of Regional Human
3 Resources in California.  Ms. Tkel apologized that Plaintiff had
4 been terminated from the company.  Ms. Tkel also said she was sorry
5 for Plaintiff's son's death.  Ms. Tkel said that while Plaintiff
6 had been terminated from Defendant, that she[Ms. Tkel] had been
7 authorized to send Plaintiff a couple checks.  Plaintiff asked if
8 she was getting her job back.  Ms. Tkel replied, "no, there is no
9 position for you."  Ms. Tkel then indicated that she could put
10 Plaintiff on a Personal Leave if Plaintiff wanted to be put on
11 same.   Plaintiff indicated that she had been terminated and that
12 she did not feel good about receiving a couple of checks when she
13 was no longer employed with defendant.  Plaintiff also said that
14 she did not want to be placed on a Personal Leave since she was
15 released to be able to work full-time.  Plaintiff did indicate that
16 if she changed her mind after talking to her husband about being
17 put on Personal Leave and/or receiving a few checks, that she would
18 call and advise Ms. Tkel by January 14, 2010.    Plaintiff re-
19 affirmed that Ms. Tkel and Defendant should do nothing as to
20 Leave's and or checks unless Defendant specifically heard from
21 Plaintiff before the 14th of January 2010.
22      7. During the January 7, 2010 telephone call between plaintiff
23 and Ms. Tkel, Plaintiff told Ms. Tkel that she had only received
24 the COBRA information on January 6, 2010.  Ms. Tkel responded by
25 saying, "what, they were supposed to offer that to you in October,
26 but oh well, someone messed up, but we just won't say anything."
27 Despite Plaintiff being terminated and Plaintiff declining after
28 her termination to be put on Personal Leave and receive a "couple"

5

**COMPLAINT**

1  paychecks, for a month from her termination. Ms. Tkel of Defendant
2  went ahead and put Plaintiff on  Personal Leave[even though
3  Plaintiff never oK'd said action or called Defendant back on or
4  before January 14, 2010.  Plaintiff had been terminated and had
5  been offered no job at Defendant's employ.  On January 5, 2010,
6  Plaintiff filed a complaint of discrimination with the DFEH and
7  immediately requested a Right-To-Sue Notice, arising out of her
8  termination.  Same was promptly sent to Defendant in advance of a
9  January 27, 2010 letter from Ms. Tkel.   Plaintiff was not
10 protected by Defendants or Defendant's Human Resources as required
11 by FEHA.

12     8. Plaintiff's job while she was on protected leave, was given
13 to employee(s) with less skills and experience than Plaintiff and
14 by employees who were not with a disability.  Despite Plaintiff's
15 disability, Defendants did not meet in good faith to discuss
16 reasonable accommodations or make known/offer Plaintiff other
17 available jobs that she would have been qualified to perform with
18 or without accommodation. Plaintiff was told while she was on leave
19 that as long as she returned on or before January 4, 2010, that she
20 would be placed back in her job.

21     9. On August 19, 2010, for the alleged reason that Plaintiff
22 filed for unemployment, Unisource sent out a letter confirming what
23 had already been confirmed on December 30, 2009, effective January
24 4, 2010; that Plaintiff's employment had been terminated with
25 Defendant.  Defendant's discrimination against Plaintiff's mental
26 disability, its failure to prevent discrimination, failure to
27 accommodate, and retaliation for taking Leave, has had a
28 devastating effect on Plaintiff and her mental well being.  It has

6

COMPLAINT

greatly affected her relationship with her husband, family and loved ones, and caused her much harm and injuries.   The emotional distress and sever depression was exacerbated by being terminated by Defendant.

10. Plaintiff's sleeping habits have also negatively been affected, caused much stress and anxiety, and affected her income and benefits and/or loss thereof.   Plaintiff has attempted to mitigate her employment, but has not been able to do so and/or find comparable employment.

11.   Throughout her tenure of employment, Plaintiff was a reliable and dedicated member of Defendants team and her job performance was more than satisfactory over the tenure of her career with Defendants.

12. Plaintiff inquired on December 30, 2009 if there would be any jobs or were any jobs within the company that she could get or apply for.   Plaintiff was told that there were no jobs and that there would likely not be any jobs since business had decreased.

13. Defendants at all times herein mentioned is an entity of unknown origin and during all relevant times as well as the present has been doing business in California and city of Commerce for several decades.   The unlawful employment practices complained of herein occurred in the City of Commerce, County of Los Angeles, State of California.

14. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 20, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.   Plaintiff is informed and believes

7

**COMPLAINT**

1  and thereon alleges that each of the Defendants fictitiously named
2  herein is indebted and liable to Plaintiff as herein set forth.

3      15.   Plaintiff is informed and believes and thereon alleges
4  that at all relevant times, except where otherwise indicated, each
5  Defendant was the agent, servant, or employee of each remaining
6  Defendant, and was at all such times, except where otherwise
7  indicated, acting within the scope and purpose of such agency, and
8  that each act of each Defendant was authorized and ratified by each
9  remaining Defendant.

10     16. As a direct and proximate result of the unlawful conduct
11 on the part of Defendants, and each of them, as alleged herein,
12 plaintiff has suffered the loss of earnings and employment benefits
13 in an amount yet unascertained, but subject to proof at trial.

14     17. As a direct and proximate result of the unlawful conduct
15 on the part of Defendants, and each of them, as alleged herein,
16 plaintiff has suffered and continues to suffer injury, pain and
17 suffering, loss of self esteem, humiliation, mental anguish and
18 emotional distress, all to Plaintiff's damage in an amount to be
19 proven at trial, in excess of the threshold jurisdiction of this
20 court.

21     18.   As   a   direct   and   proximate   result   of   Defendants'
22 discriminatory conduct as described herein, Plaintiff is entitled
23 to recover general, special and other compensatory damages in
24 amounts to be proven at trial.   Plaintiff is also entitled to
25 recover reasonable attorneys' fees and costs of suit as provided by
26 California Government Code Section 12965(b).

27     19. The conduct of Defendants, and each of them, as alleged
28 herein, was malicious, fraudulent, oppressive and despicable, in

8

COMPLAINT

1   that Defendants, and each of them, acted with full knowledge of the

2   unlawfulness of such acts, and with conscious disregard of the

3   consequence to Plaintiff, as alleged herein, and with intent to

4   harass and discriminate against Plaintiff, and in willful,

5   conscious, wanton and reckless disregard for Plaintiff's rights and

6   for the deleterious consequences and cruel and unjust hardship

7   resulting to Plaintiff.   Consequently, Plaintiff is entitled to

8   exemplary and punitive damages from all defendants.

9                       <u>ADMINISTRATIVE PROCEDURES</u>

10      20. On January 5, 2010, Plaintiff signed a complaint and a n

11   immediate request for a Right-To-Sue Notice against Defendant.

12   Plaintiff's attorney's filed said Complaint of Discrimination on

13   January 11, 2010.  Plaintiff filed said complaint of discrimination

14   with the California Department of Fair Employment and Housing

15   (DFEH) against Defendants arising out of the discrimination against

16   disability(mental) and retaliation for taking disability and FMLA

17   leave which is stated above in this complaint.   On or about

18   January 12, 2010, Plaintiff received his Right to Sue Notice from

19   the DFEH.

20                       <u>FIRST CAUSE OF ACTION</u>

21              <u>DISCRIMINATION AGAINST DISABILITY</u>

22                 (Against Defendant and All Does)

23      21. Plaintiff hereby repeats, re-alleges and repleads

24   paragraphs 1 through 20 and incorporates the same as though fully

25   set forth herein.

26      22. Plaintiff is a female who suffered from a mental

27   disability, specifically sever depression.  Plaintiff was under

28   treatment for said disability from July 2009 through the end of her

                                9

1   employment with defendant on January 4, 2010.  There were open jobs

2   which Plaintiff could have performed on or about January of 2010.

3        23. This cause of action is brought pursuant to the California

4   Fair Employment and Practices Act, section 12940 et seq. of the

5   Government Code, which prohibits discrimination against a person in

6   the terms, conditions, or privileges of employment on the basis of

7   an employees disability, and the corresponding regulations of the

8   California Fair Employment and Housing Commission.

9        24.  The   conduct   of   defendants   constitutes   unlawful

10  discrimination on account of disability in violation of California

11  Government Code Sections 12940 et seq. in that Plaintiff was

12  singled out for differential treatment, terminated, and deprived of

13  her employment by reason of her mental disability

14       25. At all times mentioned in this complaint, Defendants

15  regularly employed more than 100 persons.

16       26. None of the discriminatory or retaliating conduct of

17  defendants, or any of them as alleged herein, was based upon a bona

18  fide performance problem or occupational qualification.  None of

19  the discriminatory or retaliating conduct of Defendants was based

20  upon any lack of Plaintiff to communicate with Defendants and/or

21  keep Defendants updated as to her mental disability, her

22  limitations, or hers contact information.

23       27. Plaintiff alleges that plaintiff's disability was the

24  determining factor in Defendants decision to terminate Plaintiff on

25  January 4, 2010.

26       28. As a direct, foreseeable, and proximate result of

27  Defendant's discriminatory acts, Plaintiff has suffered and

28  continues to suffer substantial losses in earnings, job benefits,

10

**COMPLAINT**

1   and   has   suffered   and   continues   to   suffer   humiliation,

2   embarrassment, mental and emotional distress, and discomfort, all

3   to Plaintiff's damage in an amount in excess of the jurisdictional

4   limit, the precise amount of which will be proven at trial.

5        29. Defendant and all Does committed the acts described in

6   this complaint oppressively, maliciously, and with the intent to

7   harm Plaintiff, entitling Plaintiff to an award of punitive damages

8   against defendants in an amount appropriate to punish and make an

9   example of Defendants.

10                  SECOND CAUSE OF ACTION

11          VIOLATION OF GOVERNMENT CODE SECTION 12940

12          (Failure to Prevent Discrimination under FEHA)

13               (Against Defendant and all Does)

14        30.  Plaintiff   hereby   repeats,   re-alleges   and   repleads

15   paragraphs 1 through 29 and incorporates the same as though fully

16   set forth herein.

17        31.  At all times mentioned in this complaint, Government Code

18   section 12940 et seq., specifically subsection (k) was in full

19   force and effect and was binding on defendants.  These subsections

20   require Defendants to take all reasonable steps necessary to

21   prevent discrimination and retaliation from occurring.  As alleged

22   above, defendants violated this subsection by failing to take all

23   reasonable steps necessary to prevent discrimination, harassment,

24   and retaliation from occurring.

25        32. Defendant had knowledge of Plaintiff's claims, as well as

26   other   employees   claims   of   harassment   and   discrimination   in

27   violation of Government Code Section 12940 et seq.  Nonetheless,

28   Defendant did nothing to protect employees, including Plaintiff

                                11

                              COMPLAINT

1  from offenders of the law.

2      33. The Human Resource Department of Defendants, also did not

3  advise employees after these events, hold proper training seminars

4  on harassment and discrimination to prevent further discrimination

5  and harassment.    Based upon Defendant's failure to take all

6  reasonable steps necessary to prevent discrimination, harassment,

7  and retaliation from occurring in its workplace, Defendant ratified

8  the conduct and   discrimination which led to Plaintiff's adverse

9  employment action of being terminated.

10      34. As a proximate result of Defendants' conduct, Plaintiff

11  has  suffered  and  continues  to  suffer  humiliation,  emotional

12  distress, and physical pain and anguish, all to her damage in a sum

13  according to proof.

14      35. Defendants'  conduct  as  described  above  was  willful,

15  despicable, knowing, and intentional; accordingly, Plaintiff seeks

16  an award of punitive and exemplary damages in an amount according

17  to proof.

18      36. Plaintiff  has  incurred  and  continues  to  incur  legal

19  expenses and attorney fees.  Plaintiff is presently unaware of the

20  precise amount of these expenses and fees and prays leave of court

21  to amend this complaint when the amounts are more fully known.

22              <u>THIRD CAUSE OF ACTION</u>

23              PROMISSORY ESTOPPEL

24          (Against Defendant and All Does)

25      37. Plaintiff hereby repeats, re-alleges and repleads

26  paragraphs 1 through 36 and incorporates the same as though fully

27  set forth herein.

28      38. Plaintiff relied upon the oral representations made by

12

---

COMPLAINT

1  her supervisors and the officers/representatives of Defendant
2  about the oral and written promises by Defendants that Plaintiff
3  would have her same job and continue to be employed as long as
4  she returned to work on or before January 4, 2010.

5    39. Plaintiff relied to her detriment on the oral assurances
6  and promises of Defendant in this regard and the written policies
7  of Defendant.  Plaintiff's reliance upon the promises made by
8  Defendant's agents were also reasonable.

9    40. Based upon Plaintiff's reasonable reliance to her
10 detriment as to the promises made by Defendant, Plaintiff has
11 suffered great damage in lost compensation, retirement and other
12 job benefits.

13             FOURTH CAUSE OF ACTION
14        INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
15             (Against Defendant and All Does)

16   41. Plaintiff hereby repeats, re-alleges and repleads
17 paragraphs 1 through 40 and incorporates the same as though fully
18 set forth herein.

19   42. Defendants' actions as herein alleged were outrageous
20 and outside the scope of acceptable behavior in a civilized
21 society.

22   43. In doing the acts herein alleged, defendants intended to
23 cause, or acted with a reckless disregard of the probability of
24 causing, plaintiff to suffer emotional distress.

25   44. As a proximate result of Defendants' actions as herein
26 alleged, Plaintiff suffered, and continues to suffer, severe
27 mental and emotional distress, all to his damage in an amount to
28 be proven at trial but in excess of the jurisdictional threshold

13

1 of this court.

2    45. In doing the acts herein alleged, Defendants knew that

3 their actions were unlawful, but nonetheless committed such acts

4 maliciously, fraudulently, oppressively, and despicably, and with

5 the wrongful intention of injuring Plaintiff, with an improper

6 and evil motive amounting to malice, and in conscious disregard

7 of Plaintiff's rights.  Plaintiff is therefore entitled to an

8 award of punitive damages against Defendants, and each of them,

9 in an amount to be determined by this court.

10                    FIFTH CAUSE OF ACTION

11       TERMINATION IN VIOLATION OF PUBLIC POLICY

12          (Against Defendant and All Does)

13    46. Plaintiff hereby repeats, re-alleges and repleads

14 paragraphs 1 through 45 and incorporates the same as though fully

15 set forth herein.

16    47. Plaintiff alleges that Defendant employer's notice of

17 intent to terminate and its corresponding actions constitute a

18 termination of employment by Plaintiff from Defendant District

19 and is in violation of the public policy as expressed both in

20 California Constitution Article I, section 8 which prohibits

21 discrimination against employees based upon disability and

22 retaliation Section 12940 et seq. of the Government Code.

23    48. As a direct, foreseeable, and proximate result of

24 defendant employer's adverse employment actions endured and

25 sustained by Plaintiff, which are all in violation of the public

26 policy of the State of California, Plaintiff has lost and will

27 continue to lose income and benefits, and has suffered and

28 continues to suffer humiliation, embarrassment, mental and

1   emotional distress, and discomfort all to Plaintiff's damage in

2   an amount in excess of the jurisdictional limit, the precise

3   amount of which will be proven at trial.

4       49. Because the wrongful acts toward Plaintiff were carried

5   out by managerial employees acting in a deliberate, cold,

6   callous, malicious, oppressive, and intentional manner in order

7   to injure and damage Plaintiff, Plaintiff requests the assessment

8   of punitive damages against defendant employers in an amount

9   appropriate to punish and make an example of defendants.

10                  SIXTH CAUSE OF ACTION

11          RETALIATION-FEHA FOR REQUESTING LEAVE

12              (Against Defendant and All Does)

13      50. Plaintiff hereby repeats, re-alleges and repleads

14   paragraphs 1 through 49 and incorporates the same as though fully

15   set forth herein.

16      51.   At all times mentioned in this complaint, Government

17   Code section 12940 et seq., was in full force and effect and was

18   binding on defendants.  The FEHA requires Defendant to take all

19   reasonable steps necessary to prevent retaliation from occurring,

20   as well as not to retaliate against someone who has properly

21   taken an approved leave.

22      52. Defendant had knowledge of Plaintiff's claims, as well

23   as other employees claims of harassment and discrimination in

24   violation of Government Code Section 12940 et seq.  Nonetheless,

25   Defendant did nothing to protect employees, including Plaintiff

26   from offenders of the law. Plaintiff as stated above in this

27   complaint requested because of sever depression arising out of

28   the death of her son, FMLA & CFRLA leave, and then went on an

                            15

1  approved disability leave through January 3, 2010.  Plaintiff was

2  told through the entire process, as well as prior to December of

3  2009, that she would have her old job back.  There were jobs

4  open, some that Plaintiff could have done and been offered

5  without any accommodation at the time of her termination.

6      53. Plaintiff supplied all necessary medical paperwork so

7  that she could return to her job on January 4, 2010.  In response

8  and in retaliation for Plaintiff taking FMLA leave and disability

9  leave, Plaintiff was denied the right to return to employment

10 with Plaintiff.

11     54. As a proximate result of Defendants conduct, Plaintiff

12 has suffered and continues to suffer lost wages and compensation,

13 humiliation, emotional distress, and mental and physical pain and

14 anguish, all to her damage in a sum according to proof.

15     55. Defendants' conduct as described above was willful,

16 despicable, knowing, and intentional; accordingly, Plaintiff

17 seeks an award of punitive and exemplary damages in an amount

18 according to proof.

19     56. Plaintiff has incurred and continues to incur legal

20 expenses and attorney fees.  Plaintiff is presently unaware of

21 the precise amount of these expenses and fees and prays leave of

22 court to amend this complaint when the amounts are more fully

23 known.

24         <u>REQUEST FOR JURY TRIAL</u>

25 Plaintiff requests a trial by jury.

26

27 <u>PRAYER FOR RELIEF</u>

28     WHEREFORE, Plaintiff demands judgment against defendants,

                                16

1  for each cause of action, as follows:

2      1. For general and compensatory damages in an amount

3  according to proof as to all causes of action;

4      2. For mental and emotional distress damages on each cause

5  of action, except for the Third Cause of Action;

6      3. For exemplary and punitive damages in an amount

7  appropriate to punish defendants and set an example for others as

8  to all causes of action except the Third cause of action;

9      4. For an award of interest, including prejudgment interest,

10  at the legal rate;

11      5. For an award of attorney fees;

12      6. For costs of suit herein incurred;

13      7. For a trial by jury; and

14      8. For such other and further relief as the court may deem

15  just and proper.

16      Respectfully submitted,

17

18  Dated: January 10, 2011        LAW OFFICES OF ERIC V. LUEDTKE

19

20                      By: _____
                            Eric V. Luedtke, Esq.
21                          Attorneys for Plaintiff,
                            Helen D. Dandini
22

23

24

25

26

27

28

17

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
### [CRC 3.221 Information about Alternative Dispute Resolution]

For additional ADR information and forms visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

## What is ADR?
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

## Mediation:
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

### Cases for Which Mediation May Be Appropriate
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

### Cases for Which Mediation May Not Be Appropriate
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

## Arbitration:
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

### Cases for Which Arbitration May Be Appropriate
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

### Cases for Which Arbitration May Not Be Appropriate
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

## Neutral Evaluation:
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

### Cases for Which Neutral Evaluation May Be Appropriate
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

### Cases for Which Neutral Evaluation May Not Be Appropriate
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

## Settlement Conferences:
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

NOTICE OF CASE ASSIGNMENT — UNLIMITED CIVIL CASE

Case Number _____

BC 45291

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3©). There is additional information on the reverse side of this form

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Debre Katz Weintraub | 47 | 507 |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Richard Fruin | 15 | 307 | Hon. Deirdre Hill | 49 | 509 |
| Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 |
| Hon. Rex Heeseman | 19 | 311 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. John P. Shook | 53 | 513 |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. John A. Kronstadt | 30 | 400 | Hon. David L. Minning | 61 | 632 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Kenneth R. Freeman | 64 | 601 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Mark Mooney | 68 | 617 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Ramona See | 69 | 621 |
| Hon. Daniel Buckley | 35 | 411 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 |
| Hon. Michael C. Solner | 39 | 415 | **Hon. Emilie H. Elias\*** | 324 | CCW |
| Hon. Michelle R. Rosenblatt | 40 | 414 | other | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |

**\*Class Actions**

All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S.Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____

JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev. 04/10)
LASC Approved 05-06

NOTICE OF CASE ASSIGNMENT —
UNLIMITED CIVIL CASE

Page 1 of 2

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:
- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):
- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:
- **Mediation**
- **Settlement Conference**

### NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

| | |
|---|---|
| **Party Select Panel** | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Random Select Panel** | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select Panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Private Neutral** | The market rate for private neutrals can range from $300-$1,000 per hour. |

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661) 974-7275 | (661) 974-7060 |
|---|---|---|---|---|---|
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818) 576-8565 | (818) 576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310) 603-5072 | (310) 223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818) 500-3160 | (818) 549-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562) 491-6272 | (562) 437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562) 807-7243 | (562) 462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626) 356-5685 | (626) 666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909) 620-3183 | (909) 629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310) 519-6151 | (310) 514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310) 255-1699 | (310) 319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213) 974-5425 | (213) 633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310) 222-1701 | (310) 782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818) 374-2337 | (818) 902-2440 |

**Partially Funded by the Los Angeles County Dispute Resolution Program**
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| ERIC V. LUEDTKE, ESQ.   SBN: 172360<br>LAW OFFICES OF ERIC V. LUEDTKE<br>3230 EAST IMPERIAL HIGHWAY<br>SUITE 208<br>BREA, CALIFORNIA 92821<br>   TELEPHONE NO.: (714) 579-1700   FAX NO. *(Optional):*   (714) 579-1710<br>E-MAIL ADDRESS *(Optional):* eluedtkelaw@aol.com<br>ATTORNEY FOR *(Name):* HELEN D. DANDINI | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
   STREET ADDRESS: 111 NORTH HILL STREET
   MAILING ADDRESS: 111 NORTH HILL STREET
   CITY AND ZIP CODE: LOS ANGELES, CALIFORNIA 90012
   BRANCH NAME: CENTRAL DISTRICT

PLAINTIFF/PETITIONER: HELEN D. DANDINI

DEFENDANT/RESPONDENT: UNISOURCE WORLDWIDE, INC.

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>BC452918 |
|---|---|

TO *(insert name of party being served):* UNISOURCE WORLDWIDE, INC.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 2/7/11

JOLENE CORMIER
_____
(TYPE OR PRINT NAME)

►   *(signature)*
_____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1.   [X]  A copy of the summons and of the complaint.
2.   [X]  Other: *(specify):*  ADR PACKAGE; NOTICE OF CASE MANAGEMENT CONFERENCE

*(To be completed by recipient):*
Date this form is signed: 2/23/11

Timothy Hix
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

►   *(signature)* Attorney for Unisource
_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Legal<br>Solutions<br>Plus | Code of Civil Procedure,<br>§§ 415.30, 417.10 |

NOTICE SENT TO:

Luedtke, Eric V., Law Offices of
3230 E Imperial Hwy., Suite 208
Brea              CA  92821

**FILED**

LOS ANGELES SUPERIOR COURT

JAN 1 8 2011

JOHN A. CLARKE, CLERK

*M. Carillo*

BY M. Carillo, DEPUTY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| HELEN D DANDINI | Plaintiff(s), | **CASE NUMBER** |
| VS. | | BC452918 |
| UNISOURCE WORLDWIDE INC | Defendant(s). | **ORDER TO SHOW CAUSE HEARING** |

To the party/attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on <u>March 23, 2011</u> at <u>8:30 am</u> in <u>Dept. 62</u> of this court, Central District, 111 North Hill Street, Los Angeles, California 90012, and show cause why sanctions should not be imposed for:

**Failure to file Proof of Service of [ ] Petition [ ] Summons and [ ] Complaint [ ] Cross-Complaint pursuant to California Rules of Court, rule 3.110(b) and (c) as to: <u>UNISOURCE WORLDWIDE INC</u>**

-

Failure to comply or appear may result in sanctions, pursuant to one or more of the following: California Rules of Court, rule 2.30, and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[ ✓ ] To avoid a mandatory appearance all required documents must be filed in [ ] this Dept [ ] Clerk's Office, Room <u>102</u> at least 5 court days prior to the date of the hearing.

[ ] The Court may infer from your failure to appear that possession of the premises is no longer at issue, and that your case is not entitled to preference in setting pursuant to Code of Civil Procedure section 1179a.

[ ] You are ordered to give notice of said hearing forthwith to any party served with summons and complaint prior to OSC Hearing and file a Proof of Service in this department or Clerk's Office at least 5 court days prior to the date of the hearing.

Dated: <u>January 18, 2011</u>

_____
Judicial Officer

### CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Hearing upon each party or counsel named above by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown above with the postage thereon fully prepaid:

Date: <u>January 18, 2011</u>

John A. Clarke, EXECUTIVE OFFICER/CLERK

By _____*M Carillo*_____ , Deputy Clerk

### ORDER TO SHOW CAUSE HEARING

LACIV 166-1 (Rev. 09/08)
LASC Approved 06-04

LASC Local Rules, Chapter 7
Cal. Rules of Court, rule 2.30

NOTICE SENT TO:

Luedtke, Eric V., Law Offices of
3230 E Imperial Hwy., Suite 208
Brea                    CA  92821

ORIGINAL FILED

FILE STAMP

JAN 1 8 2011

LOS ANGELES
SUPERIOR COURT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | CASE NUMBER |
|---|---|---|
| HELEN D DANDINI | Plaintiff(s), | BC452918 |
| VS. | | |
| UNISOURCE WORLDWIDE INC | Defendant(s). | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/ attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for  April 12, 2011  at  8:30 am  in  Dept. 62 at 111 North Hill Street, Los Angeles, California  90012.

**NOTICE TO DEFENDANT:**   **THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date:  January 18, 2011

**MICHAEL L. STERN**
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

☑ by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

☐ by personally giving the party notice upon filing the complaint.

Date:  January 18, 2011

John A. Clarke, Executive Officer/Clerk

by _____, Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

00/00/2010 23:10:43 FAX 3132498900    NATIONWIDE LEGAL
Case 2:11-cv-02308-SVW-JEM  Document 1   Filed 03/21/11   Page 34 of 55   Page ID #:37

**COPY**

1

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

**MAR 18 2011**

John A. Clarke, Executive Officer/Clerk
By _____
RUGENA LOPEZ          , Deputy

1  SEYFARTH SHAW LLP
   Timothy L. Hix (SBN 184372)
2  E-mail: thix@seyfarth.com
   Jonathan L. Brophy (SBN 245223)
3  E-mail:jbrophy@seyfarth.com
   2029 Century Park East, Suite 3500
4  Los Angeles, California 90067-3021
   Telephone:  (310) 277-7200
5  Facsimile:  (310) 201-5219

6  Attorneys for Defendant
   UNISOURCE WORLDWIDE, INC.

7

8              SUPERIOR COURT OF CALIFORNIA

9                 COUNTY OF LOS ANGELES

10  HELEN D. DANDINI              )  Case No. BC452918
                                  )
11         Plaintiff,             )  **ANSWER TO UNVERIFIED**
                                  )  **COMPLAINT**
12      v.                        )
                                  )  Judge:    Hon. Michael L. Stern
13  UNISOURCE WORLDWIDE, INC.; and)  Dept.:    62
    DOES 1 through 20, inclusive, )
14                                )  Complaint Filed:  January 12, 2011
           Defendant.            )  Trial Date:       None
15  _____)

16         Defendant Unisource Worldwide. Inc. ("Unisource" or "Defendant") hereby answers

17  Plaintiff Helen D. Dandini's ("Plaintiff") unverified Complaint as follows:

18                        **GENERAL DENIAL**

19         Pursuant to the provisions of California Code of Civil Procedure Section 431.30,

20  Defendant denies, generally and specifically, each and every allegation, statement, matter and

21  each purported cause of action contained in Plaintiff's Complaint, and without limiting the

22  generality of the foregoing, denies that Plaintiff has been damaged in the manner or sums

23  alleged, or in any way at all, by reason of any acts or omissions of Defendant.

24  ///

25  ///

26  ///

27

28

                                   1
                    ANSWER TO UNVERIFIED COMPLAINT

13194170v.1

BY FAX

## SEPARATE AND AFFIRMATIVE DEFENSES

In further answer to Plaintiff's Complaint, Defendant alleges the following additional defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Cause of Action)

1.  Neither the Complaint as a whole, nor any purported cause of action alleged therein, states facts sufficient to constitute a cause of action or claim for relief against Defendant.

### SECOND AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

2.  Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, including but not limited to, Code of Civil Procedure Section 340 and Government Code Section 12960.

### THIRD AFFIRMATIVE DEFENSE

#### (Claims Outside of DFEH Complaint)

3.  To the extent that Plaintiff asserts claims in her Complaint that were not made the subject of a timely complaint filed with the Department of Fair Employment and Housing ("DFEH") as required by Government Code Section 12965, the Court lacks jurisdiction with respect to these claims and they must therefore be dismissed.

### FOURTH AFFIRMATIVE DEFENSE

#### (Time Barred Allegations Barred)

4.  To the extent that Plaintiff's FEHA claims rely on allegations of events that occurred more than one year prior to the date on which Plaintiff filed her DFEH complaint, such claims are time barred. Govt. Code § 12960.

### FIFTH AFFIRMATIVE DEFENSE

#### (Failure to Take Advantage of Preventive/Corrective Opportunities)

5.  Defendant exercised reasonable care to prevent and correct any unlawfully discriminatory and/or retaliatory workplace conduct allegedly experienced by Plaintiff. Plaintiff

13194170v.1

1  unreasonably failed to take advantage of any preventive or corrective opportunities provided by

2  Defendant or to avoid harm otherwise, and thus Plaintiff's claims are barred or, alternatively, her

3  relief limited.

### SIXTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate Damages)

6.      If Plaintiff suffered any damages as a result of the facts alleged in her Complaint,

which Defendant denies, Plaintiff is not entitled to recover the amount of damages alleged or any

damages due to her failure to make reasonable efforts to mitigate or minimize the damages

incurred.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Workers' Compensation Act Preemption)

7.      This Court lacks jurisdiction over Plaintiff's claim for damages and mental and/or

emotional and/or physical injuries arising out of Plaintiff's employment in that the exclusive

remedy for such claims is provided by the California Workers' Compensation Act, California

Labor Code Sections 3200, *et seq.*

### EIGHTH AFFIRMATIVE DEFENSE

#### (Failure to State a Claim for Punitive Damages)

8.      The Complaint, and each of the causes of action therein, fails to state facts

sufficient to entitle Plaintiff to an award of punitive damages.  Cal. Civ. Code § 3294.

### NINTH AFFIRMATIVE DEFENSE

#### (Decisions Contrary to Organizational Policies)

9.      Plaintiff may not recover punitive damages for alleged discriminatory or

retaliatory decisions, if any, to the extent that those decisions are contrary to the written policies

that Defendant instituted against wrongful conduct.

### TENTH AFFIRMATIVE DEFENSE

#### (Reasonable Belief)

10.     The Complaint, and each alleged cause of action purportedly contained therein, is

barred by the fact that any decisions made by Defendant with respect to Plaintiff's employment

3

ANSWER TO UNVERIFIED COMPLAINT

1  were reasonably based on the facts as Defendant understood them after conducting a good-faith

2  investigation.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (California Labor Code Section 2922)

11.   Plaintiff's employment was terminable at will by either party with or without

cause.  Cal. Labor Code § 2922.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Scope of Authority)

12.   The Complaint, and each and every purported cause of action therein, is barred as

against Defendant to the extent that the actions of Defendant's agents, employees, and

representatives, if the actions occurred, were not actions taken within the course and scope of

their employment.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Lack of Proximate Cause and Failure to Exercise Ordinary Care)

13.   If any loss, injury, damage or detriment occurred as alleged in the Complaint, the

loss, injury, damage or detriment was caused and contributed to by the actins of Plaintiff, and, as

Plaintiff did not exercise ordinary care, her own acts and omissions proximately caused and

contributed to the loss, injury, damage or detriment alleged by Plaintiff and Plaintiff's recovery

from Defendant, if any, should be reduced in proportion to the percentage of Complainant's

negligence or fault.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (After Acquired Evidence)

14.   Plaintiff's claims are barred to the extent that she engaged in any fraud that

induced Defendant to enter into any employment relationship with Plaintiff or engaged in any

misconduct of which Defendant was unaware until after Plaintiff's employment with Defendant

terminated that would have provided independent legal cause for her termination of employment.

/ / /

/ / /

4

ANSWER TO UNVERIFIED COMPLAINT

13194170v.1

1

## FIFTEENTH AFFIRMATIVE DEFENSE

2

### (Estoppel)

3

15.    Plaintiff's claims, in whole or in part, are barred by the doctrine of estoppel.

4

## SIXTEENTH AFFIRMATIVE DEFENSE

5

### (Waiver)

6

16.    Plaintiff's claims, in whole or in part, are barred by the doctrine of waiver.

7

## SEVENTEENTH AFFIRMATIVE DEFENSE

8

### (Unclean Hands)

9

17.    Plaintiff's claims, in whole or in part, are barred by the doctrine of unclean hands.

10

## EIGHTEENTH AFFIRMATIVE DEFENSE

11

### (Laches)

12

18.    Plaintiff has delayed inexcusably and unreasonably in the filing of this action

13

causing substantial prejudice to Defendant and, thus, Plaintiff's claims are barred by the

14

equitable doctrine of laches.

15

## NINETEENTH AFFIRMATIVE DEFENSE

16

### (Inability to Perform Essential Functions)

17

19.    Plaintiff's claims are barred to the extent that she was unable to perform the

18

essential functions of her position, with our without reasonable accommodation.

19

## TWENTIETH AFFIRMATIVE DEFENSE

20

### (Undue Hardship)

21

20.    Providing Plaintiff with a reasonable accommodation that would enable him to

22

perform the essential functions of her position would place an undue hardship on Defendant.

23

## TWENTY-FIRST AFFIRMATIVE DEFENSE

24

### (Reasonable Accommodation Provided)

25

21.    Plaintiff's causes of action are barred to the extent that she was provided a

26

reasonable accommodation for her disability, if any.

27

///

28

///

ANSWER TO UNVERIFIED COMPLAINT

13194170v.1

1

## TWENTY-SECOND AFFIRMATIVE DEFENSE

2

### (Reasonable Accommodation Not Required)

3       22.     Plaintiff's causes of action are barred to the extent that she did not require a

4   reasonable accommodation in order to perform the essential functions of her position.

5

## TWENTY-THIRD AFFIRMATIVE DEFENSE

6

### (Failure to Inform)

7       23.     Plaintiff failed to advise Defendant that she was in need of a reasonable

8   accommodation in order to perform the essential functions of her position.

9

## PRAYER

10      Wherefore, Defendant prays for judgment as follows:

11      1.      That Plaintiff takes nothing by her Complaint:

12      2.      That judgment be entered in favor of Defendant and against Plaintiff on all causes

13   of action;

14      3.      That Defendant be awarded reasonable attorney's fees according to proof;

15      4.      That Defendant be awarded the costs of suit herein incurred; and

16      5.      That Defendant be awarded such other and further relief as the Court may deem

17   appropriate.

18

19   DATED: March 18, 2011                     SEYFARTH SHAW LLP

20

21                                            By
                                              _____

22                                               Timothy L. Hix
                                                 Jonathan L. Brophy

23                                            Attorneys for Defendant
                                              UNISOURCE WORLDWIDE, INC.

24

25

26

27

28

ANSWER TO UNVERIFIED COMPLAINT

13194170v.1

**PROOF OF SERVICE**

STATE OF CALIFORNIA           )
                              )        ss
COUNTY OF LOS ANGELES         )

   I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021. On March 18, 2011, I served the within documents:

**ANSWER TO UNVERIFIED COMPLAINT**

☐  I sent such document from facsimile machine (310) 201-5219 on March 18, 2011. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (310) 201-5219 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐  by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at Los Angeles, California, addressed as set forth below.

☐  by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

Eric V. Luedtke, Esq.
LAW OFFICES OF ERIC V. LUEDTKE
3230 E. Imperial Highway, Suite 208
Brea, CA 92821
Telephone: (714) 579-1700
Facsimile: (714) 579-1710

   I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

   Executed on March 18, 2011, at Los Angeles, California.

                                        Karla Villalobos-Roque

13194170v.1

# Exhibit "B"

Westlaw.

13 Trials Digest 9th 7

13 Trials Digest 9th 7 (Cal.Superior), 2003 WL 24304125
For Opinion See 2003 WL 25759729 (Trial Order)

Copyright (c) 2010 Thomson Reuters/West

Superior Court, Riverside County, California.

Department of Fair Employment and Housing vs. County of Riverside

TOPIC:
Synopsis: Worker who was injured on the job alleges disability discrimination
Case Type: Labor & Employment; Disability/Medical Condition; Labor & Employment; Discrimination; Labor &
Employment; Termination/Constructive Discharge

DOCKET NUMBER: RIC352666

STATE: California
COUNTY: Riverside

Verdict/Judgment Date: October 16, 2003

JUDGE: Dallas Holmes

ATTORNEYS:
Plaintiff: Joseph H. Duff, Department of Fair Employment and Housing, Los Angeles.; Paul R. Ramsey, Department
of Fair Employment and Housing, Los Angeles.; Eddie L. Washington, Department of Fair Employment and Hous-
ing, Los Angeles.
Defendant: Bruce E. Disenhouse, Kinkle, Rodiger and Spriggs, Riverside.; Intervenor: Deborah A. Krane, Law Of-
fices of Deborah A. Krane, Burbank.

SUMMARY:
Verdict/Judgment: Plaintiff
Verdict/Judgment Amount: $460,000

Range: $200,000-$499,999

 $160,000 economic; $300,000 non-economic.
Trial Type: Jury
Trial Length: Not reported.
Deliberations: Not reported.
Jury Poll: Not reported.

EXPERTS:
Plaintiff: Arnold D. Purisch Ph.D., neuropsychologist, Laguna Hills, (949) 829-8141.
Defendant: William Soltz Ph.D., psychologist, San Bernardino, (909) 886-4554.; Tony L. Strickland Ph.D., neuro-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

psychologist, Playa Del Rey, (323) 563-5915.

TEXT:
CASE INFORMATION
FACTS/CONTENTIONS

According to Plaintiff: Plaintiff-in-intervention, William Clark, was employed by defendant County of Riverside as a sheriff investigator. Clark suffered an on-the-job injury. He alleged that he subsequently became disabled and requested a reasonable accommodation for his claimed disability. He claimed that defendant failed and refused to engage in a timely, good faith interactive process with him for the purposes of ascertaining the precise parameters of the reasonable accommodations necessary to return him to his employment with defendant.
On or about October 13, 1999, Clark filed a charge of discrimination against defendant with plaintiff Department of Fair Employment and Housing. Plaintiff in turn filed this proceeding on or about December 26, 2000, naming Clark as the Real Party in Interest.
Plaintiff and Clark are claiming that he was injured emotionally and financially by defendant's actions.
Defendant disputed the nature and extent of the claims.

CLAIMED INJURIES
According to Plaintiff: Emotional distress.

CLAIMED DAMAGES
According to Plaintiff: $62,398 to $106,080 lost wages; $300,000 emotional distress damages.

SETTLEMENT DISCUSSIONS
According to Plaintiff: Not reported.

Trials Digest, A Thomson/West business

Riverside County Superior Court/Central

13 Trials Digest 9th 7 (Cal.Superior), 2003 WL 24304125

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

35 Trials Digest 8th 2                                                              Page 1

35 Trials Digest 8th 2 (Cal.Superior), 2005 WL 2170704

Copyright (c) 2010 Thomson Reuters/West

Superior Court, Orange County, California.

Welch vs. City of Anaheim

TOPIC:
Synopsis: Anaheim police lieutenant alleges lack of promotion opportunities due to disability
Case Type: Employment; Discrimination; Employment; Disability/Medical Condition; Employment; Retaliation;
Employment; Termination; Constructive Discharge; Fair Employment and Housing Act

DOCKET NUMBER: 03CC09927

STATE: California
COUNTY: Orange

Verdict/Judgment Date: July 13, 2005

JUDGE: Robert Moss

ATTORNEYS:
Plaintiff: John A. Girardi, Girardi and Keese, Los Angeles.; Larry J. Lennemann, Law Offices of Larry J. Lenne-
mann, Redondo Beach.
Defendant: Deborah P. Knefel, Office of City Attorney, Anaheim.

SUMMARY:
Verdict/Judgment: Plaintiff
Verdict/Judgment Amount: $5,215,200

Range: $5,000,000-$999,999,999

$215,200 economic; $5,000,000 non-economic; the jury voted 10 to 2 on non-economic damages; 11 to 1 on re-
taliation, 12 to 0 on disability discrimination, and 12 to 0 on economic damages.
Trial Type: Jury
Trial Length: 10 days.
Deliberations: 3.5 hours.
Jury Poll: Mixed poll.

EXPERTS:
Plaintiff: Richard B. Danehy, J.D., human resources consultant, Fraser Richards LLC, Goleta, (805) 968-9686.;
Stuart Neffeler, economist, La Jolla, (858) 459-8354.
Defendant: Marcia Haight, human resources consultant, Haight Consulting, Pacific Palisades, (310) 454-1477.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

TEXT:
CASE INFORMATION
FACTS/CONTENTIONS

According to Plaintiff: Plaintiff Ray D. Welch joined the Anaheim Police Department in 1972, was promoted to sergeant in 1983, and to lieutenant in 1989. As a consequence of injuries suffered in the line of duty, he was placed into a modified duty program run by the city for the police department. This program attempted to keep those who had some disabilities and reduce medical disability retirement payments. The program stated that anyone in the program must be given meaningful work, and, if they would otherwise qualify, be eligible for promotions.
Plaintiff's restrictions were that he could not do heavy lifting, bending, stooping, or prolonged sitting or standing. An assignment of special projects lieutenant was created just for plaintiff. Plaintiff worked at this assignment, and, after three years, requested that, consistent with the manner in which other lieutenants were treated, he be rotated to a different assignment. This was due, in part, to the fact that plaintiff did not have a great deal to do as a special projects lieutenant, and, while his physical limitations prevented him from being a lieutenant on patrol, there were other lieutenant assignments (such as training or administration) in which there were no physical demands and rare occasions to go into the field. Also, he could help develop a wide array of experience so as to assist him in competing for the post of captain. In his assignment as special projects lieutenant, plaintiff had no management responsibilities or supervision of other staff, nor did he have budget responsibilities, unlike each of the other 15 lieutenants on the force.
Plaintiff competed, but was not selected for, captain in 2000 and 2001. Subsequently, he learned from defendant Roger A. Baker, the chief of police, that he was never to be rotated to a different assignment, nor was it likely that he would ever compete for captain. At that point, in the fall of 2001, plaintiff contacted the human resources department, indicating that he believed that he was not being considered eligible for different assignments, and, hence, did not have better opportunity for promotion, because of his disability. After following the appropriate guidelines for registering his complaints, plaintiff subsequently learned that the head of human resources had spoken with the assistant city manager and the police chief and that the police department would handle plaintiff's complaints internally. Since the chief was the architect of the policy that plaintiff would not ever be given different assignments or promoted, plaintiff filed a complaint with the Department of Fair Employment and Housing. Following the filing of that complaint, the little work he had was taken away, and he was moved from the police headquarters to a small sub-station in east Anaheim. After several months with little to do, shortly after his 51st birthday, plaintiff submitted his resignation. He had intended to work until age 55, at which time he would have sought retirement.
Plaintiff claimed that those placed in the modified duty program were essentially outcasts in the department, that his disability did not prevent him from any of the non-patrol assignments, that he could meet with physical demands that existed for other jobs, that he was rarely getting meaningful work, and that the complaints of discrimination were principally brought on by the actions of the former chief of police, who also prevailed upon the city manager and human resources to cancel any discrimination investigation. Once he filed the complaint with Fair Employment and Housing, he was subject to retaliation by elimination of the little work he had and relocation to a small sub-station away from headquarters. Plaintiff also asserted that his job analysis reflected that he excelled in the different categories and that in the promotional examinations for captain, he was competitive with the other applicants.
Defendants asserted that there was no discrimination, that plaintiff lacked leadership skill, that the work he performed was not well done, and that plaintiff was not capable of meeting the physical demands of a more active lieutenant or captain.

CLAIMED INJURIES
According to Plaintiff: Plaintiff did not suffer physical injuries but was humiliated and embarrassed by his treatment at the hands of the police chief from the time of his entry into the modified duty program.

CLAIMED DAMAGES
According to Plaintiff: $215,200 economic damages; non-economic damages. Plaintiff's claim for economic losses was the salary of a captain from the spring of 2000 through his anticipated retirement in June of 2006, less the pen-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

sion benefits that plaintiff has received from the city, as well as his income from outside consulting work.

SETTLEMENT DISCUSSIONS
According to Plaintiff: Demand: $300,000 prior to trial, increased to $500,000 at time trial commenced. Offer: Indication from the city that they would pay $30,000.

COMMENTS
According to Plaintiff: Plaintiff is presently 54 years old. Following his retirement from the police department, he worked as a teacher of police science at a junior community college and as a consultant to corporations on security matters. The former chief of police, Roger Baker, as well as several members of the Human Resources Department, were impeached by their deposition testimony and from documents that were prepared by the department in the ordinary course of police business in 2000 and 2001. Following the verdict, several of the jurors commented on the humiliation and degradation they believed plaintiff endured over his last several years with the police department. Plaintiff intends to file a motion for attorney fees. John A. Girardi provided the information for this report.

Trials Digest, A Thomson/West business

Orange County Superior Court

35 Trials Digest 8th 2 (Cal.Superior), 2005 WL 2170704

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

26 Trials Digest 9th 8 (Cal.Superior), 2005 WL 4126684
For Dockets See BC287797

Copyright (c) 2010 Thomson Reuters/West

Superior Court, Los Angeles County, California.

Miller vs. Lockheed Martin

TOPIC:
Synopsis: Terminated employee sues for failure to accommodate his disability
Case Type: Labor & Employment; Termination/Constructive Discharge; Labor & Employment; Disability/Medical
Condition; Labor & Employment; Discrimination; Labor & Employment; Violation of Public Policy

DOCKET NUMBER: BC287797

STATE: California
COUNTY: Los Angeles

Verdict/Judgment Date: October 7, 2005

JUDGE: Soussan G. Bruguera

ATTORNEYS:
Plaintiff: Jill B. Shigut, Law Offices of Jill B. Shigut, Tarzana.
Defendant: William G. Baumgartner, Haight, Brown & Bonesteel, Los Angeles.; George Christensen, Haight,
Brown & Bonesteel, Los Angeles.

SUMMARY:
Verdict/Judgment: Plaintiff
Verdict/Judgment Amount: $1,032,824

Range: $1,000,000-$1,999,999

$191,301 past economic; $541,523 future economic; $150,000 past non-economic; $150,000 future non-economic.
Trial Type: Jury
Trial Length: Not reported.
Deliberations: Not reported.
Jury Poll: Not reported.

EXPERTS:
Plaintiff: Marc J. Friedman M.D., orthopedic surgeon, Southern California Orthopedic Institute, Van Nuys, (818)
901-6600.; Stephanie Rizzardi-Pearson, economist, Rizzardi-Pearson Associates, San Marino, (626) 457-6297.;
Domenick J. Sisto M.D., orthopedic surgeon, Los Angeles Orthopaedic Institute, Sherman Oaks, (818) 905-2222.
Defendant: Domenick J. Sisto M.D., orthopedic surgeon, Los Angeles Orthopaedic Institute, Sherman Oaks, (818)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

905-2222.; <u>Ralph N. Steiger</u> M.D., orthopedic surgeon, San Bernardino, (800) 240-8657.; <u>Michael P. Ward</u> Ph.D., economist, Welch & Associates, Santa Monica, (310) 393-5530.

TEXT:
CASE INFORMATION
FACTS/CONTENTIONS

According to Plaintiff: After 20 years of exemplary work performance, plaintiff Michael Miller was terminated from his position as a Plant Protection Officer ('PPO') with defendant Lockheed Martin after defendant was informed by plaintiff's physician that plaintiff's temporary limitations (no climbing, walking over uneven ground, squatting, kneeling, crouching, pivoting, or other comparable activities) as a result of his disability (torn meniscus in left knee) were permanent and stationary. Defendant terminated plaintiff on the pretext that its contract with the union prevented it from accommodating PPOs with permanent limitations.

Defendant claimed that it has been the 'custom and practice' of defendant to rotate the PPOs every 90 days, and, given plaintiff's permanent limitations, he could not be rotated, as certain posts violated his restrictions. Yet, nowhere in the collective bargaining agreement does it require that the PPOs be rotated. In fact, not all PPOs are rotated and assigned to all posts, as there are some posts (control room posts) that require special training on electronic equipment and other posts that require 'program access,' which all PPOs do not possess. Consequently, only those PPOs who possess the special training or access are assigned to those posts. Plaintiff acquired both the special training and program access necessary to perform all posts.

Defendant further contended that having PPOs who can rotate to every post assures equal distribution of overtime, and if plaintiff could not be assigned to all posts, he might not receive the amount of overtime as other PPOs. Obviously, this is not a sufficient basis to refuse to accommodate plaintiff by assigning him to a post whose duties did not violate his limitations. Further, defendant never discussed with plaintiff whether he was willing to risk receiving less overtime than other PPOs.

Defendant also claimed that Section 9 of the collective bargaining agreement stated that temporary limitations should be accommodated, but makes no mention of permanent limitations. Thus, it is not required to accommodate permanent limitations. Obviously, the contract does not state that permanent limitations should not be accommodated, as it would violate current FEHA and ADA requirements.

Defendant also claimed that plaintiff's permanent limitations could preclude him from responding to alarms and emergencies. However, when asked as to how often PPOs assigned to the posts plaintiff could perform are needed to respond to alarms and emergencies, particularly all posts within the control room where the PPOs are sitting a majority of the shift, defendant admitted that responding to emergency situations would be infrequent, if at all, and numerous other PPOs are also present during an emergency situation to perform any duties he could not perform given his limitations.

In addition, prior to terminating plaintiff, defendant failed to engage in any interactive process with plaintiff or provide any reasonable accommodation. Plaintiff made repeated efforts (both in writing and orally) to discuss his limitations and a reasonable accommodation. However, defendant made no effort to engage in such discussions with plaintiff or his physician.

Plaintiff brought claims of FEHA violations, including discrimination and failure to accommodate his disability.


CLAIMED INJURIES
According to Plaintiff: Emotional distress.


CLAIMED DAMAGES
According to Plaintiff: Not reported.


SETTLEMENT DISCUSSIONS
According to Plaintiff: Not reported.


Trials Digest, A Thomson/West business

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Los Angeles County Superior Court/Downtown

26 Trials Digest 9th 8 (Cal.Superior), 2005 WL 4126684

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

29 Trials Digest 9th 13 (Cal.Superior), 2006 WL 2044625
For Opinion See 2006 WL 3951686 (Trial Order)

Copyright (c) 2010 Thomson Reuters/West

Superior Court, Los Angeles County, California.

Mnaskanian vs. 21st Century Insurance Company

TOPIC:
Synopsis: Worker alleges she was discriminated against after sustaining work-related injury
Case Type: Labor & Employment; Disability/Medical Condition; Labor & Employment; Discrimination; Labor & Employment; Termination/Constructive Discharge; Labor & Employment; Violation of Public Policy; Labor & Employment; Age

DOCKET NUMBER: BC307845

STATE: California
COUNTY: Los Angeles

Verdict/Judgment Date: February 16, 2006

JUDGE: Judith C. Chirlin

ATTORNEYS:
Plaintiff: Magdalena E. Cuprys, Doumanian & Associates, Glendale.; Nancy P. Doumanian, Doumanian & Associates, Glendale.
Defendant: Elena R. Baca, Paul, Hastings, Janofsky & Walker, Los Angeles.; Samantha J. Black, Paul, Hastings, Janofsky & Walker, Los Angeles.; Daisy Y. Ha, Paul, Hastings, Janofsky & Walker, Los Angeles.; William S. Waldo, Paul, Hastings, Janofsky & Walker, Los Angeles.

SUMMARY:
Verdict/Judgment: Plaintiff
Verdict/Judgment Amount: $845,638

Range: $500,000-$999,999

$66,640 past economic damages; $112,888 future economic damages; $150,000 past non-economic loss damages; $150,000 future non-economic loss damages; $250,000 punitive damages.
Trial Type: Jury
Trial Length: 2 weeks.
Deliberations: 1 week.
Jury Poll: Not reported.

EXPERTS:

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Other: <u>Alessandro F. Anfuso</u>, vocational rehabilitation consultant, Forensis Group, Orange, (626) 588-1590.
<u>Robert A. Audell</u> M.D., orthopedic surgeon, Los Angeles, (310) 855-0751.
<u>A. Elizabeth Bloze</u> M.D., physiatrist, Van Nuys, (818) 901-6600.
<u>Rachael Gordon</u> M.D., neuroradiologist, Los Angeles.
<u>Jerrold Sherman</u> M.D., orthopedic surgeon, Santa Monica, (310) 393-9829.

TEXT:
CASE INFORMATION
FACTS/CONTENTIONS

According to Plaintiff: On or about April of 1995, plaintiff Anahid Mnaskanian was hired by defendant 21st Century Insurance. She was assigned to 21st Century's Burbank office where she received training and worked for approximately five years, through approximately May of 2000, in the capacity of file clerk. Her starting salary was $9 per hour and was increased to $14/$15 per hour, given plaintiff's exemplary work performance and favorable evaluations.
During the period of January 18, 2000 through May of 2000, plaintiff was reassigned to work at 21st Century's Woodland Hills location in the capacity of file clerk. During this period, plaintiff was promoted to the position of data entry operator.
On January 16, 2001, plaintiff sustained a work-related injury to her lumbar spine and her right lower extremity. She subsequently filed a workers' compensation claim against 21st Century as a result of the foregoing work-related injury. She was placed on temporary disability in light of the injury and was unable to return to work during the period of her ongoing medical treatment through October 21, 2002.
Following hemilaminectomy and diskectomy surgery on January 18, 2002, her physician concluded that her medical/physical condition was 'permanent and stationary' and that she was deemed a 'qualified injured worker' capable of returning to work with limited restrictions.
On or about December 17, 2002, plaintiff was informed by 21st Century that they would have 'modified' or 'alternative' work for her intended to accommodate her physical disability which confined her to semi-sedentary work. However, on February 20 and 28, 2003, 21st Century took the position that they did not have any employment opportunities or positions available to accommodate her disability.
Plaintiff alleged that 21st Century had numerous clerical positions available at this time and could accommodate her work experience and physical limitations for semi-sedentary work.
Plaintiff alleged that 21st Century's unwarranted and unjustified refusal to reinstate her in their employ was unlawful and discriminatory under California law.
21st Century contended that it always acted appropriately and lawfully toward plaintiff under the applicable law, and that plaintiff refused to participate in the process to find a reasonable accommodation for her.

CLAIMED INJURIES
According to Plaintiff: Emotional distress.

CLAIMED DAMAGES
According to Plaintiff: Not reported.

SETTLEMENT DISCUSSIONS
According to Plaintiff: Not reported.

COMMENTS
According to Plaintiff: The complaint was filed on December 17, 2003.

Trials Digest, A Thomson/West business

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Los Angeles County Superior Court/Downtown

29 Trials Digest 9th 13 (Cal.Superior), 2006 WL 2044625

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

## CV11- 2368 SVW (JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| HELEN D. DANDINI | UNISOURCE WORLDWIDE, INC. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| LAW OFFICES OF ERIC V. LUEDTKE<br>Eric V. Luedtke, Esq.<br>3230 E. Imperial Highway, Suite 208<br>Brea, CA 92821<br>Telephone: (714) 579-1700 / Facsimile: (714) 579-1710 | SEYFARTH SHAW LLP<br>Timothy L. HIX (SBN 184372) / Jonathan L. Brophy (SBN 24522...)<br>2029 Century Park East, Suite 3500<br>Los Angeles, California 90067-3021<br>Telephone: (310) 277-7200<br>Facsimile: (310) 201-5219 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Disability discrimination under the Fair Employment and Housing Act; 28 U.S.C. § 1332

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☒ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 61 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: **CV11-02368**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

American LegalNet, Inc.<br>www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, __and__ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Unisource Worldwide, Inc., is incorporated in Delaware and has its principal place of business in Georgia. |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date **March 21, 2011**

Jonathan L. Brophy

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com